STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. GLORIA KIRCHOFF, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 29, 1979—Decided April 6, 1979.

Before Judges FRITZ and BISCHOFF.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Ms. Susan Slovak,* Assistant Deputy Public Defender, on the letter brief).

*Mr. John J. Degnan,* Attorney General of New Jersey, attorney for respondent (*Mr. Frederick S. Cohen,* Deputy Attorney General, on the letter brief).

PER CURIAM. The sole issue raised on this appeal concerns the nature and quantum of defendant's sentence. For reasons which appear, we vacate the sentence imposed and remand for resentencing.

Defendant was convicted on her retraxit plea of robbery (*N. J. S. A.* 2A:141–1) while armed (*N. J. S. A.* 2A:151–5). The plea was consequent to a negotiation in which the State's sole undertaking was, apparently, to recommend dismissal of four other counts of the indictment.

One other aspect of the negotiated plea is worthy of mention. Because of our disposition of the matter, we need do no more than remark on it, and we are satisfied to leave it this way because defense counsel did not object at the sentencing and does not raise it here. Nonetheless, the potential

for further problems at the resentencing which we here order and our concern for matters of this nature are substantial enough to produce this extended comment. When defense counsel recited the terms of the negotiated plea, he mentioned only the commitment of the State to recommend dismissal of the other counts. But on his inquiry of defendant respecting the plea, the judge asked her, "Has the Prosecutor promised that on sentence day he will make any kind of recommendations as to some particular sentence for you?" Defendant responded, "No, sir." Because of the manner in which these events transpired and the absence of objection by defendant then or now,[1] we feel reasonably certain the commitment of the State — if, indeed, there was any commitment at all in this respect — was nothing more than a refusal to recommend favorably with respect to defendant and her sentence. But see *State v. Brown*, 71 *N. J.* 578 (1976). Nevertheless, the situation should be cleared up at the outset on the resentencing.

On the count for robbery the judge sentenced defendant to three to five years at the Correctional Institution for Women at Clinton. For the armed feature he sentenced defendant to an additional three- to five-year term, suspended that sentence and placed defendant on a conditional five-year probation commencing upon her discharge from Clinton.

In his brief on her behalf counsel for defendant argues only that this sentence is excessive, conceding that the "split" sentence is legal under *State v. Sanchez*, 150 *N. J. Super.*

---

[1] In her brief before us, with respect to the negotiated plea, defendant says only:

* * * Following the entry of her not guilty pleas, defendant entered a retracted plea of guilty to counts one and two (armed robbery) on March 13, 1978, in consideration of which the State agreed to recommend dismissal of the outstanding counts *but made no recommendation as to imposition of sentence.* * * * [Emphasis supplied.]

This statement is not wholly accurate; the assistant prosecutor at the sentencing did in fact forward a recommendation.

424 (App. Div. 1977), certif. den. 75 *N. J.* 521 (1977). We think that concession misconceives the nature of the punishment feature of *N. J. S. A.* 2A:151–5 and *State v. Sanchez* and is improvident.

We start with the proposition that "split" sentences, *i. e.,* sentences which purport to incarcerate a defendant for a designated portion of his sentence and release him on probation for the balance of the unserved term, are illegal if the incarceration is in other than a county jail, penitentiary or workhouse. *N. J. S. A.* 2A:164–16; *State v. Sanchez, supra; State v. Pietrowski,* 136 *N. J. Super.* 383 (App. Div. 1975); *Bonilla v. Heil,* 126 *N. J. Super.* 538 (App. Div. 1974). *Sanchez* holds that this rule does not militate against thus splitting incarceration and a suspended sentence with a probationary term where separate offenses are involved.

But *N. J. S. A.* 2A:151–5 does not describe a separate substantive offense. It merely offers a sentencing judge an opportunity to enhance the sentence for the substantive crime, within his discretion, in cases where defendant is armed while committing any of certain substantive offenses. *State v. Best,* 70 *N. J.* 56, 69–70 (1976); *State v. Gibson,* 150 *N. J. Super.* 351, 356 (App. Div. 1977), certif. den. 75 *N. J.* 20 (1977); *State v. LaVera,* 35 *N. J. Super.* 256, 258 (App. Div. 1955), cert. den. 350 *U. S.* 853, 76 *S. Ct.* 95, 100 *L. Ed.* 758 (1955).

In the matter before us only the single crime of robbery was involved. Bifurcation of the punishment into terms of incarceration and probation created a sentence which, irrespective of any considerations relating to excessiveness *vel non,* was illegal.

Accordingly, we vacate the sentence imposed and remand for resentencing.